UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV- 61549

OFER ALIANI,

    Plaintiff,

vs.

YUM BERRY, LLC, and
AMOS CHANERO,

    Defendants.
_____/

## **COMPLAINT**

    Plaintiff, Ofer Aliani, sues Defendants, Yum Berry, LLC and Amos Chanero, as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Ofer Aliani**, is a *sui juris* resident of Broward County, Florida, who is over 18 years old.

    2.    Plaintiff consents to participate in this lawsuit.

    3.    Plaintiff was a non-exempt employee of Defendants.

    4.    **Defendant, Yum Berry, LLC**, is a for profit Florida limited liability company that is *sui juris* and has operated its restaurant business here, in Hollywood, Broward County, Florida, at all times material.

    5.    **Defendant, Amos Chanero**, was and is the owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, hired Plaintiff, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

1

6. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

7. Both Defendants employed Plaintiff.

8. Defendants were Plaintiff's employers, direct employers, and joint employers as the term "employer" is defined by 29 U.S.C. §203 (d).

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10. Venue is proper in this Court pursuant because Defendants transact business in Broward County, they maintain their office and principal place of business and/or live in Broward County, and also because Defendants employed Plaintiff in Broward County, with most of the actions complained of occurring within this County.

11. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

12. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – FLSA OVERTIME VIOLATION(S)**

Plaintiff, Ofer Aliani, reincorporates paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

13. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, and products that have moved through interstate commerce.

15. Defendants cooked, prepared, and stored perishables and beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

16. Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

17. Defendants also advertise / market their restaurant on the internet at http://kosherrestauranthollywoodfl.com/, at which Defendants maintain an ecommerce site (to allow online ordering) which domain name they purchased from GoDaddy.com, a foreign corporation.

18. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

19. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

20. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his handling and preparing food, produce, spices, oils, rice, poultry, seafood, and beverages that have traveled through interstate commerce while also utilizing ovens, cooking utensils, cooking supplies, knives, equipment, and

3

equipment that also traveled through interstate commerce.

21. Plaintiff worked for Defendants from February 2014 through and including March 15, 2019.

22. Plaintiff worked approximately 60 to 65 hours per week for Defendants as a non-exempt hourly employee, in particular as a cook.

23. Defendants paid Plaintiff an hourly wage for each hour that he worked.

24. Defendants paid Plaintiff an hourly wage of $20/hour for his first year of employment, after which they increased his pay to $22/hour.

25. Defendants paid a portion of Plaintiff's wages by check and the remainder of the wages he earned each pay period in cash – all at his regular hourly rate of pay.

26. Defendants failed and refused to pay Plaintiff at the rate of time and one-half of his regular rate of pay for all hours worked over 40 hours in a workweek.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours they worked during the relevant time period.

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

29. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

WHEREFORE Plaintiff, Ofer Aliani, demands the entry of a judgment in his favor and against Defendants, Yum Berry, LLC and Amos Chanero, jointly and severally after trial by jury and as follows:

a. That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recovers all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION(s) OF 26 U.S.C. §7434 (2015 W-2)

Plaintiff, Ofer Aliani, reincorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

30. Defendants, Yum Berry, LLC and Amos Chanero, each had an obligation to provide correct information returns to the IRS and to Plaintiff.

31. Defendants paid Plaintiff by check and by cash so are directly responsible for the issuance of and accounting for all wages paid to him by check and/or by cash, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the reporting of all income paid as to Plaintiff, the issuance of the W-2 to Plaintiff for 2015, and the filing of information returns on own behalf of the corporate Defendants and for Plaintiff.

32. During the time that Plaintiff worked for Defendants, they failed to properly account for the wages that they actually paid to Plaintiff.

33. In particular, Defendants failed to accurately document the amount paid to Plaintiff on each information return that they issued to him as a result of their failure to account for the cash that they paid to him as income/wages.

34. Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2015 from Yum Berry, LLC by under-reporting the amount that Defendants paid to Plaintiff in calendar year 2015 as a result of their failure to include in his W-2 the total wages that he earned instead (by not including the cash wages)

35. Defendants, Yum Berry, LLC and Amos Chanero, are also responsible for the operations of their finances, and the filing of the W-2's issued to Plaintiff, as identified above.

36. Plaintiff suffered damages as a result of Defendants' willful provision/filing of false information returns caused by Defendants' intentional and willful acts as described above.

37. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

    (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

    (2) the costs of the action, and

    (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Ofer Aliani, demands the entry of a judgment in his favor and against Defendants, Yum Berry, LLC and Amos Chanero, jointly and severally after trial by jury and as follows:

a. That Plaintiff recovers the greater of his actual damages or $5,000 for each fraudulent information return filed/served by Defendants for 2015 as set forth above;

b. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. All interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

### COUNT III – VIOLATION(s) OF 26 U.S.C. §7434 (2016 W-2)

Plaintiff, Ofer Aliani, reincorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

38. Defendants, Yum Berry, LLC and Amos Chanero, each had an obligation to provide correct information returns to the IRS and to Plaintiff.

39. Defendants paid Plaintiff by check and by cash so are directly responsible for the issuance of and accounting for all wages paid to him by check and/or by cash, the payment of

taxes to the IRS based on the wages earned by and paid to Plaintiff, the reporting of all income paid as to Plaintiff, the issuance of the W-2 to Plaintiff for 2016, and the filing of information returns on own behalf of the corporate Defendants and for Plaintiff.

40. During the time that Plaintiff worked for Defendants, they failed to properly account for the wages that they actually paid to Plaintiff.

41. In particular, Defendants failed to accurately document the amount paid to Plaintiff on each information return that they issued to him as a result of their failure to account for the cash that they paid to him as income/wages.

42. Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2016 from Yum Berry, LLC by under-reporting the amount that Defendants paid to Plaintiff in calendar year 2016 as a result of their failure to include in his W-2 the total wages that he earned instead (by not including the cash wages)

43. Defendants, Yum Berry, LLC and Amos Chanero, are also responsible for the operations of their finances, and the filing of the W-2's issued to Plaintiff, as identified above.

44. Plaintiff suffered damages as a result of Defendants' willful provision/filing of false information returns caused by Defendants' intentional and willful acts as described above.

45. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

8

>  (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
>  (2) the costs of the action, and
>
>  (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Ofer Aliani, demands the entry of a judgment in his favor and against Defendants, Yum Berry, LLC and Amos Chanero, jointly and severally after trial by jury and as follows:

a. That Plaintiff recovers the greater of his actual damages or $5,000 for each fraudulent information return filed/served by Defendants for 2016 as set forth above;

b. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. All interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

### COUNT IV – VIOLATION(s) OF 26 U.S.C. §7434 (2017 W-2)

Plaintiff, Ofer Aliani, reincorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

46. Defendants, Yum Berry, LLC and Amos Chanero, each had an obligation to provide correct information returns to the IRS and to Plaintiff.

47. Defendants paid Plaintiff by check and by cash so are directly responsible for the issuance of and accounting for all wages paid to him by check and/or by cash, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the reporting of all income

paid as to Plaintiff, the issuance of the W-2 to Plaintiff for 2017, and the filing of information returns on own behalf of the corporate Defendants and for Plaintiff.

48. During the time that Plaintiff worked for Defendants, they failed to properly account for the wages that they actually paid to Plaintiff.

49. In particular, Defendants failed to accurately document the amount paid to Plaintiff on each information return that they issued to him as a result of their failure to account for the cash that they paid to him as income/wages.

50. Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2017 from Yum Berry, LLC by under-reporting the amount that Defendants paid to Plaintiff in calendar year 2017 as a result of their failure to include in his W-2 the total wages that he earned instead (by not including the cash wages)

51. Defendants, Yum Berry, LLC and Amos Chanero, are also responsible for the operations of their finances, and the filing of the W-2's issued to Plaintiff, as identified above.

52. Plaintiff suffered damages as a result of Defendants' willful provision/filing of false information returns caused by Defendants' intentional and willful acts as described above.

53. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving

deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Ofer Aliani, demands the entry of a judgment in his favor and against Defendants, Yum Berry, LLC and Amos Chanero, jointly and severally after trial by jury and as follows:

a. That Plaintiff recovers the greater of his actual damages or $5,000 for each fraudulent information return filed/served by Defendants for 2017 as set forth above;

b. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. All interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

### **COUNT V – VIOLATION(s) OF 26 U.S.C. §7434 (2018 W-2)**

Plaintiff, Ofer Aliani, reincorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

54. Defendants, Yum Berry, LLC and Amos Chanero, each had an obligation to provide correct information returns to the IRS and to Plaintiff.

55. Defendants paid Plaintiff by check and by cash so are directly responsible for the issuance of and accounting for all wages paid to him by check and/or by cash, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the reporting of all income paid as to Plaintiff, the issuance of the W-2 to Plaintiff for 2018, and the filing of information returns on own behalf of the corporate Defendants and for Plaintiff.

56. During the time that Plaintiff worked for Defendants, they failed to properly account for the wages that they actually paid to Plaintiff.

57. In particular, Defendants failed to accurately document the amount paid to Plaintiff on each information return that they issued to him as a result of their failure to account for the cash that they paid to him as income/wages.

58. Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2018 from Yum Berry, LLC by under-reporting the amount that Defendants paid to Plaintiff in calendar year 2018 as a result of their failure to include in his W-2 the total wages that he earned instead (by not including the cash wages)

59. Defendants, Yum Berry, LLC and Amos Chanero, are also responsible for the operations of their finances, and the filing of the W-2's issued to Plaintiff, as identified above.

60. Plaintiff suffered damages as a result of Defendants' willful provision/filing of false information returns caused by Defendants' intentional and willful acts as described above.

61. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Ofer Aliani, demands the entry of a judgment in his favor and against Defendants, Yum Berry, LLC and Amos Chanero, jointly and severally after trial by jury and as follows:

a. That Plaintiff recovers the greater of his actual damages or $5,000 for each fraudulent information return filed/served by Defendants for 2018 as set forth above;

b. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. All interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 21st day of June 2019.

                            Respectfully Submitted,

                            s/Brian H. Pollock, Esq.
                            Brian H. Pollock, Esq.
                            Fla. Bar No. 174742
                            brian@fairlawattorney.com
                            FAIRLAW FIRM
                            *Counsel for Plaintiff*
                            7300 North Kendall Drive
                            Suite 450
                            Miami, FL 33156
                            Tel:  305.230.4884