**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-61549-CIV-ALTMAN/Hunt**

**OFER ALIANI**,

    *Plaintiff*,

**v.**

**YUM BERRY, LLC**, *et al.*,

    *Defendants*.

_____/

**ORDER**

**THIS MATTER** comes before the Court on the Defendants' Motion to Compel Arbitration and Stay Proceedings [ECF No. 31] and the Plaintiff's Motion to Withdraw as Counsel [ECF No. 33]. The Defendants filed their Motion via CM/ECF on November 8, 2019. *See* Mot. to Compel Arbitration at 10. The Plaintiff was required to file any memorandum opposing the Motion within 14 days of its filing, and his failure to do so provides "sufficient cause for granting the motion by default." S.D. FLA. L.R. 7.1(c)(1)(A).

Moreover, the Defendants have submitted a written agreement between the Plaintiff and one of the Defendants, Amos Chanero, wherein they agreed to subject "[a]ll claims currently in court," including any claims in this case,[1] to binding arbitration. *See* Arbitration Agreement [ECF No. 31-1] at 1. The Federal Arbitration Act ("FAA") provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall

---

[1] The Complaint in this case was filed on June 21, 2019, *see* Compl. [ECF No. 1] at 13, and the Arbitration Agreement was signed on October 18, 2019, *see* Arbitration Agreement [ECF No. 31-1] at 4. Therefore, the claims involved in this case were "currently in court" within the meaning of the Arbitration Agreement at the time that agreement took effect.

>on application of one of the parties stay the trial of the action until such arbitration
>has been had in accordance with the terms of the agreement, providing the applicant
>for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The FAA thus "requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* at 218.

The parties have contracted to arbitrate the issues in this case, and, by failing to oppose the Defendants' Motion, the Plaintiff has identified no reason why the parties' agreement should not be enforced. And it is of no consequence that the agreement was signed only by the Plaintiff and Chanero, but not by the other Defendant, Yum Berry, LLC ("Yum Berry").[2] Under Florida law, "a non-signatory defendant may enforce an arbitration clause against a signatory plaintiff . . . when the signatory alleges "interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Schreiber v. Ally Fin. Inc.*, 634 F. App'x 263, 264 (11th Cir. 2015) (per curiam); *accord Bailey v. ERG Enters.*, 705 F.3d 1311, 1320 (11th Cir. 2013). The First Amended Complaint is replete with such allegations. In fact, almost every allegation the Plaintiff asserts is directed against *both* Defendants. *See* First Am. Compl. at 2–13. The Court will therefore enforce the Arbitration Agreement as to both Defendants and, pursuant to under 9 U.S.C. § 3, stay this case pending arbitration.

Accordingly, having carefully considered the parties' Motions, the record, and the governing law, the Court hereby **ORDERS AND ADJUDGES** as follows:

---

[2] The parties agree that Chanero is the "owner and operator" of Yum Berry. *See* First Am. Compl. [ECF No. 15] ¶ 5; Answer [ECF No. 23] ¶ 5.

1. Because the Court finds that the claims in the Plaintiff's First Amended Complaint are subject to arbitration pursuant to the parties' Arbitration Agreement [ECF No. 31-1], the Defendants' Motion to Compel Arbitration and Stay Proceedings [ECF No. 31] is **GRANTED**.

2. The Plaintiff's Motion to Withdraw as Counsel [ECF No. 33] is **GRANTED IN PART and DENIED IN PART**. The Motion is **GRANTED** as to counsel's request to withdraw. Brian Howard Pollock, Esq., and the FairLaw Firm are relieved of further responsibility in this case. The Motion's request for a stay of all deadlines is **DENIED**.

3. Pursuant to 9 U.S.C. § 3, this case is **STAYED**. The Clerk shall **CLOSE** this case for administrative purposes only, all pending deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

4. Any party may move the Court to reopen this case for good cause.

5. **Every two (2) months** after the date of this Order, the parties shall jointly file with the Court a report detailing the status of their arbitration proceedings.

6. Within **fifteen (15) days** of the arbitration's conclusion, the parties shall jointly file with the Court a notice briefly describing the outcome of the arbitration and its impact on the Plaintiff's claims.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 18th day of December 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record